JOHN R. HAWES ET AL. v. COMMISSIONERS OF PENDER COUNTY.

(Filed 27 March, 1918.)

**Stock Law—Taxes—Assessments—Real Property—Statutes—Injunction.**

Revisal, sec. 1675, authorizes, upon certain conditions, "a tax upon the property holders within the district," when withdrawing "from a stock-law district"; and section 1685 authorizes an "assessment" upon all real property, etc., for the purpose "of building stock-law fences" within counties "which may adopt the stock laws"; but an assessment by a county upon the real estate to build a fence for the purpose of keeping the stock in antistock-law territory from trespassing is unauthorized by law; and a restraining order should be continued and, under the facts of this case, made perpetual at the final hearing.

APPEAL by defendants from *Devin, J.,* at chambers in Wilmington on 12 December, 1917, continuing a restraining order to the final hearing.

*C. D. Weeks and C. E. McCullen for plaintiffs.*
*J. H. Burnett and John D. Bellamy & Son for defendants.*

CLARK, C. J. This is an action by sundry citizens and taxpayers of Pender County and owners of real estate therein, alleging that the Board of Commissioners of Pender had levied an assessment upon all real estate within the boundaries of the county, excepting a part of Rocky Point Township, for the purpose of raising funds to construct a fence around the outer boundaries of said district, and would order the sheriff to collect the said assessment out of the real estate of said county.

The Court finds as a fact that the defendants have been restrained in another action pending in the Superior Court of Pender from levying a tax upon all the property, real and personal, located in the said district under authority of Revisal, 1675, as amended by chapter 99, Public-

Local Laws 1917. The validity of such "tax" is not before us in this proceeding.

The court properly held as a conclusion of law that "the Board of County Commissioners of Pender have no lawful authority to levy such assessment upon the real estate of said district."

There are only two statutes under which the commissioners of Pender could claim authority to levy this assessment, *i. e.*, Revisal, 1675 and 1685. Revisal, 1675, provides that upon the conditions therein prescribed under which territory may be allowed to "withdraw from a stock-law district," the expense incurred in changing the fence in such territory shall be provided for by "a tax upon the property holders within said district." That section certainly does not authorize the levy of an *assessment* which must be laid solely upon the real estate of the district benefited. The order herein enjoined does not levy a "tax" upon all "property holders."

Revisal, 1685, does authorize the county commissioners to levy an assessment, but only for the purpose therein stated "of building stock-law fences," for which purpose "the board of commissioners of the county may levy and collect a special assessment upon all real property taxable by the State and county, within the county, township, or district *which may adopt the stock law.*" This is an assessment, but it is not for such purpose, and is, therefore, unauthorized. This has been expressly held. *Harper v. Comrs.*, 133 N. C., 114.

The restraining order was properly continued to the final hearing, at which time, upon the admissions in the defendants' answer, the injunction should be made perpetual.

Upon the merits of the stock-law and antistock-law controversy in the county of Pender, the Court has no authority nor desire to pass. The sole question presented to us is whether there is any authority conferred by law upon the commissioners of said county to pass the resolution levying an assessment upon real estate to build this fence for the purpose set out in the resolution of keeping the stock in an antistock-law territory from trespassing upon people in the adjoining counties of Duplin, Sampson, Bladen, Columbus, Brunswick and New Hanover and Rocky Point Township in Pender, in which the stock law prevails, and it is very clear that such authority is not conferred by any statute, and the judgment of his Honor is

Affirmed.